IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| QANTUM COMMUNICATIONS, CORPORATION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO.  3:04cv190-C WO |
| TIGER COMMUNICATIONS, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Now pending before the court is the plaintiffs' motion to dismiss defendant Tiger Communications, Inc.'s ("Tiger") counterclaim for failure to state a claim upon which relief can be granted.  (Doc. # 15).  On May 19, 2005, Tiger filed an amended answer and counterclaim in which it contends that Qantum intentionally interfered with a business relationship by approaching Tiger sales associates Meghan Chenoweth and Amelia Tuck Turner and soliciting them for employment with Qantum.  (Doc. # 14).  The court has jurisdiction of this action pursuant to its diversity jurisdiction.  *See* 28 U.S.C. § 1332.  State law governs the substantive resolution of this motion because a federal court sitting in diversity applies state substantive law and federal procedural law.  *See Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938).

Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering

the entry of final judgment. After careful review and consideration of the motion to dismiss (doc. # 15) and the responses filed in support of and in opposition to the motion, the court concludes that because the defendant has failed to state a claim for which relief may be granted, the motion to dismiss the counterclaim is due to be granted.

## II. STANDARD OF REVIEW

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*. "Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.*

In appraising the sufficiency of the complaint, courts follow the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *see also Gardner v. Toilet Goods Ass'n.*, 387 U.S. 167, 172 (1967). The threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

## III.  ALLEGATIONS OF THE COUNTERCLAIM[1]

Tiger and Qantum own and operate radio stations in the Auburn/Opelika area in Alabama.  Chenoweth and Turner were salespersons for Qantum, selling advertising on Qantum's radio stations.  The women signed non-compete agreements which form the basis of Qantum's claims against Tiger.[2]  In December 2003, Chenoweth resigned her employment with Qantum and, on January 5, 2004, began work as a sales associate with Tiger.  Turner resigned her position with Qantum on February 27, 2004, and began work for Tiger on March 1, 2004.

In August 2004, Qantum contacted Chenoweth to solicit her to leave her employment with Tiger and return to employment with Qantum.  Qantum contacted Chenoweth three times, met with her twice, and during the second meeting, offered her employment with Qantum.  By Tiger's own admission, Chenoweth remains employed with Tiger.

In March 2005, Qantum approached Turner to encourage her to leave her employment with Tiger and return to employment with Qantum.  Tiger admits that Turner remains an employee of Tiger.

On May 19, 2005, Tiger filed an amended answer and counterclaim in which it contends Qantum's contacting Chenoweth and Turner constitute intentional interference with a business relationship.  (Doc. # 14).

---

[1] On a motion to dismiss, the court must take the facts as stated in the counterclaim as true.

[2] In March 2004, Qantum filed suit against the women and Tiger, alleging breaches of the non-compete agreements as well as intentional interference with business relations.

3

## II.  DISCUSSION

Qantum argues that Tiger has failed to state a claim of intentional interference with business relations because merely contacting Chenoweth and Turner to solicit them for employment does not constitute intentional interference with business relations under Alabama law.  Tiger responds that Qantum's actions

> involve more than simply hiring its competitor's employees away.  Qantum and its directors have an ongoing conflict with Tiger and its directors, have filed multiple lawsuits against Tiger and its employees, and are now intentionally interfering with Tiger's business relations with its employees out of spite and ill will.  Such interference is recognized under Alabama as the tortious interference with a business relation despite the absence of a noncompetition agreement between Tiger and its employees.

(Doc. # 17, Tiger Communications, Inc's Res. to Qantum Communications, Inc's Mot. to Dismiss at 6-7).  Despite its rhetoric, Tiger has failed to allege the requisite elements of an intentional interference with a business relation claim.  Alabama does indeed recognize a tort of intentional interference with business relations.  *See Gross v. Lowder Realty Better Homes & Gardens*, 494 So. 2d 590 (Ala. 1986).

> We hold that this tort of intentional interference with business or contractual relations, to be actionable, requires:
>
>> (1)  The existence of a contract or business relation;
>> (2)  Defendant's knowledge of the contract or business relation;
>> (3)  Intentional interference by the defendant with the contract or business relation;
>> (4)  Absence of justification for the defendant's interference; and
>> (5) Damage to the plaintiff as a result of defendant's interference.

*Gross*, 494 So. 2d at 597 (footnotes omitted).  *See also Soap Co. v. Ecolab, Inc.*, 646 So. 2d

1366, 1371 (Ala. 1994).

It is an understatement to observe merely that Tiger and Qantum are competitors. Nonetheless, even though Qantum has approached Tiger's employees, neither Chenoweth nor Turner are bound by a non-compete agreement or contract with Tiger. In this case, Qantum was unsuccessful in recruiting Tiger's employees.[3]  "Without a showing that the employee had an enforceable noncompetition agreement with the plaintiff or that the defendant *did more than simply hire its competitor's employee*, we see no basis for allowing an action for intentional interference in circumstances as those presented in this case." *Defco, Inc. v. Decatur Cylinder, Inc.*, 595 So. 2d 1329, 1332 (Ala. 1992) (emphasis added). Tiger concedes that Chenoweth and Turner remain in its employ. Consequently, despite Qantum's attempts, there has been no actionable interference with Tiger's relations with Chenoweth or Turner, and thus, Tiger has failed to state a claim for intentional interference with a business relation.

Moreover, Tiger's conclusory allegation that Qantum "caused damage and injury to Tiger" is insufficient to establish that Tiger has been damaged by Qantum's actions.  Tiger

---

[3] Even if Qantum had been successful in hiring Chenoweth or Turner, Alabama recognizes "the competitor's privilege as a defense to a claim of tortious interference with business relations." *Soap Co. v. Ecolab, Inc.*, 646 So. 2d 1366, 1370 (Ala. 1994).

> The competitor's privilege applies when the contract involved is terminable at will. . . Thus, the competitor's privilege recognizes some types of interference amount rivals competing to obtain existing at-will [employees]. . . . Intense competition for at-will [employees] alone, even to the point of attempting to ruin a rival and even when the interferer acts less than honorably, is insufficient.")

*Tom's Foods, Inc. v. Carn*, 896 So. 2d 443, 458-59 (Ala. 2004).

alleges no facts that support its contention that it has been damaged, especially in light of Tiger's admission that Chenoweth and Turner remain employed by Tiger. Tiger has failed to allege the necessary elements of a claim of intentional interference with business relations.

## V.  CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that Qantum's motion to dismiss Tiger's counterclaim (doc. # 15) be and is hereby GRANTED.

Done this 4th day of August, 2005.

          /s/Charles S. Coody
         CHARLES S. COODY
         CHIEF UNITED STATES MAGISTRATE JUDGE