IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| QANTUM COMMUNICATIONS, CORPORATION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.  3:04cv190-CSC (WO) |
| TIGER COMMUNICATIONS, INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

This action was initiated on March 3, 2004.  The plaintiffs, Qantum Communications Corporation, Qantum of Auburn, LLC, Qantum Acquisition Company, LLC, Qantum Holding, LLC, and Qantum of Auburn License Company, LLC (collectively referred to as "Qantum"), claim that defendant Tiger Communications, Inc. intentionally interfered with business relations by hiring Qantum employees Stacey Linn, Amelia Tuck Turner and Meghan Chenoweth-Jeffcoat.  On November 3, 2005, the court specially set this matter for trial on April 24, 2006.  A pretrial conference was held on March 6, 2006.  At no time during the pendency of this action did either party notify the court that Qantum was proceeding against a former Qantum and current Tiger employee, John Kennedy, in an action in the United States District Court for the District of Connecticut.

On January 21, 2004, Qantum filed an action against Kennedy in the Connecticut Superior Court.  The action was removed to the United States District Court for the District of Connecticut on February 24, 2004.  According to the complaint, Kennedy was an

employee of Qantum subject to an employment agreement. In August 2003, Kennedy resigned his position with Qantum. As part of his resignation, Kennedy entered into a settlement agreement with Qantum related to his resignation. Qantum subsequently brought the Connecticut action against Kennedy alleging that Kennedy had breached the terms of his settlement agreement with Qantum. After this case remained pending in the United States District Court for the District of Connecticut for over two years, on March 30, 2006, that court transferred the case to the United States District Court for the Middle District of Alabama.

On April 3, 2006, Tiger filed a motion to consolidate and motion to continue (doc. # 51). According to Tiger, no discovery has been initiated in the Connecticut case and there is a risk of inconsistent verdicts if the two actions are tried to different juries. First, although the court has reviewed the transfer order from the District Court in Connecticut, that case has not yet been transferred to this district. Next, a scheduling order was entered in the Connecticut case on July 2, 2004. The defendant has presented the court with no reason why the parties could not or did not conduct discovery in that case. More importantly, however, the underlying theories in the Connecticut case and the case at bar are distinct and different. While the players may overlap, the Connecticut case is based on Kennedy's alleged breach of a settlement agreement. This case involves a claim of intentional interference of a business relation by a competing corporation. Finally, the fact that neither party previously informed the court of the Connecticut case until two weeks before trial mitigates against

consolidation and continuance.

Accordingly, upon consideration of the motion and for good cause, it is

ORDERED that the motion to consolidate and motion to continue (doc. # 51) be and is hereby DENIED.

Done this 5th day of April, 2006.

                                            /s/Charles S. Coody
                                   CHARLES S. COODY
                                   CHIEF UNITED STATES MAGISTRATE JUDGE